IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNIVERSAL HEALTH CARE
INSURANCE COMPANY, INC.,

        Petitioner,

vs.                        CASE NO.: 4:07cv117-SPM/WCS

KEVIN M. MCCARTY,
Commissioner of the Florida
Office of Insurance Regulation,

        Respondent.

_____/

## ORDER GRANTING MOTION TO DISMISS

        Universal Health Care Insurance Company, Inc., has filed this suit against

Kevin M. McCarty, Commissioner of the Florida Office of Insurance Regulation,

for declaratory and injunctive relief.  Universal contends that the Medicare

Modernization Act, 42 U.S.C. § 1395, et seq., preempts Florida's insurance

surplus requirements, §§ 624.4095, 624.408, Fla. Stat.[1]  Universal seeks a

_____

       [1] Under § 624.4095, Fla. Stat., an insurer must maintain a ratio of premiums to surplus of no more than "10 to 1 for gross written premiums" or "4 to 1 for net written premiums." Under § 624.408(1)(a), Fla. Stat., life and health insurers must "maintain surplus as to policyholders not less than the greater of . . . 1.5 million [or] . . . 4 percent of the insurer's total liabilities plus 6 percent of the insurer's liabilities relative to health insurance." "No insurer is required [however] to have surplus as to policyholders greater than $100 million." § 624.408(3).

declaration that the surplus requirements are preempted and an injunction to prohibit the Commissioner from enforcing the requirements against it.  The Commissioner has filed a motion to dismiss (doc. 18) and Universal has filed a response (doc. 20).

The first argument raised in the motion to dismiss concerns Eleventh Amendment immunity and the application of the Ex parte Young[2] exception.  The Eleventh Amendment does not bar Universal's claims against the Commissioner. The claims fall within the Ex parte Young exception because Universal is seeking prospective injunctive relief only and has not sought monetary damages for past wrongs.  Verizon Md. Inc. v. Public Service Comm'n of Md., 535 U.S. 635, 646 (2002).  Accordingly, the Commissioner's motion to dismiss on this ground is denied.

The second argument concerns whether Universal can make a viable argument for preemption.  In a related case involving Universal and the Department of Financial Services of the State of Florida,[3] this Court ruled that the Medicare Modernization Act does not preempt Florida's insurance surplus requirements because they are "laws relating to plan solvency," which by the

---

[2]  209 U.S. 123 (1908).

[3]  State of Florida, ex rel, the Department of Financial Services of the State of Florida v. Universal Health Care Insurance Company, 4:07cv176-SPM/WCS, Doc. 22, Order Remanding Case for Lack of Subject Matter Jurisdiction.

express terms of the Act, 42 U.S.C. § 1395w-26(b)(3), are not preempted.  The same circumstances are presented in this case.  So on this ground, the Commissioner's motion to dismiss will be granted.

As an additional ground for dismissal, this Court finds that abstention under Younger[4] is appropriate because an underlying state court proceeding is pending and because Universal's preemption claim is not facially conclusive. "[O]nly the clearest of federal preemption claims would require a federal court to hear a preemption claim when there are underlying state court proceedings and when that claim can be raised in the state forum."  Hughes v. Attorney General of Florida, 377 F.3d 1258, 1262-65 (11th Cir. 2004).  Preemption may qualify as an exception to abstention, but only if the preemption is facially conclusive.  Id. Universal's argument for preemption is not facially conclusive.  Accordingly, it is

ORDERED AND ADJUDGED:

1.      The Commissioner's motion to dismiss (doc. 18) is granted.

2.      All other motions are denied as moot.

---

[4]  The Younger abstention doctrine is a basic jurisdictional principle that requires federal courts to abstain from exercising jurisdiction when there is a pending state criminal proceeding that is capable of hearing the federal issue presented and the exercise of federal jurisdiction would unduly interfere with the state proceeding.  Wexler v. Lepore, 385 F.2d 1336, 1338-41 (11th Cir. 2004). The doctrine has been extended to apply to civil proceedings.  Id.

3.      This case is dismissed for failure to state a claim and on abstention

grounds.

DONE AND ORDERED this 7th day of December, 2007.

_s/ Stephan P. Mickle_

Stephan P. Mickle
United States District Judge